No. 26.—Timothy M. Furlow, and others, creditors, plaintiffs in error, *vs.* William J. Tillman, administrator, defendant in error.

A bill to enjoin creditors and marshal assets, will not be sustained, if the need for it was brought about by the executor's neglect of duty.

Furlow vs. Tillman.

In Equity, from Lee Superior Court.  Decision by Judge
ALLEN, at chambers, 23d October 1856.

This was a bill filed by William J. Tillman administrator
of the estate of Daniel Tillman deceased, against the creditors
of said estate to marshal assets and for an injunction.

The bill alleges that Daniel Tillman departed this life in-
testate in the year 1852, leaving a considerable estate,
consisting principally of notes, accounts, and judgments.
That complainant was appointed his administrator, and
entered promptly upon the discharge of his duties, and
proceeded to the vigorous collection of the debts; made
sale of the estate upon a credit of twelve months; that
the money received on the debts due to intestate in his
life time, and from the sale of the property, has been applied
as fast as collected to the payment of debts.  That he has
now on hand the sum of $822,12.  That complainant's in-
testate was largely indebted to a large number of persons,
but that the assets when realized, will be more than sufficient
to pay all the debts.  That suits to a large amount have
been commenced against complainant, and judgments to
over the sum of six thousand dollars have been recovered
against him as administrator; that some suits are still pend-
ing, and many creditors who have not sued, threaten to do
so.  That complainant has not been able to collect money
sufficient to meet these judgments.  That the Sheriff of Lee
county has returned *nulla bona*, on the executions issued
upon said judgments, and the plaintiffs are now proceeding
by *scire facias* to make complainant personally and individ-
ually liable for the payment thereof.  That he failed to en-
join said suits, while pending, or to plead *plene administra-
vit*, knowing that the estate of his intestate was amply able
to pay off all the debts against it, and supposing that he
would be able to realize collections that would enable him to
meet the demands that were pressing.

The bill prays that the judgment creditors be enjoined

from proceeding against complainant individually; that all the creditors be restrained from proceeding further at law, until the assets are marshalled, and complainant has time and opportunity to collect the debts, and to terminate and dispose of the litigation which is obstructing the settlement of the estate.

The bill was sanctioned, and the injunction granted.

Afterwards upon a hearing, at chambers, the counsel for the creditors, moved to dissolve the injunction and dismiss the bill for want of equity. The Chancellor refused the motion, upheld the injunction, and retained the bill.

Whereupon counsel for the creditors excepted and assign error.

McCoy & Hawkins, for plaintiffs in error.

Vason; Lyon, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

This Court has no doubt that such a bill as the present may be filed, after a judgment *de bonis testatoris* against the administrator or executor. In England, it would be a more serious question, whether it could be filed, *before* such a judgment. In England, among creditors of equal degree, the one that first gets judgment against the executor or administrator, has a preference over the others. And the Court of Chancery, in order to favor the diligent creditor, does not grant a general injunction like that in the present case, until after there has been a judgment *de bonis testatoris.* *Toller on Exors.* 455; *Story's Eq.* § 90; 10 *Ves.* 39–40; 4 *do.* 638; *the cases stated in Wms. on Exors. from* 1629, *to* 1632, *et seq.*

But still, we do not think, that the complainant shows a right to file this bill. There is no equity in this bill; at least none that is made apparent.

The intestate died in 1842. The administrator qualified, probably, in a short time afterwards: he does not say when. The estate was much in debt, so much so, as to require a sale of the land. The administrator did not sell the land, until the 25th day of December 1854; and he gives no excuse whatever, for not having done so sooner. If he had sold sooner, as, taking things as they appear, he ought to have done, he would probably, have had no reason, to ask for the aid of a Court of Equity.

In the absence of all excuse for not selling the land sooner, we think that the administrator was not in a condition to ask for this injunction, or for any other relief in Equity.

Consequently, we think, that the motion to dismiss the bill and injunction ought to have been sustained.

Judgment reversed.